**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X   Case No.:

GEORGE GALANIS,

                                    Plaintiff,                              **COMPLAINT**

        -against-

WEBSTER FINANCIAL CORPORATION (D/B/A                                **PLAINTIFF DEMANDS**
"WEBSTER BANK"), WEBSTER BANK N.A., AND                             **A TRIAL BY JURY**
ELIZABETH YOUNG, *individually*,

                                    Defendants.

-------------------------------------------------------------------X

        Plaintiff, GEORGE GALANIS, by and through his attorneys, PHILLIPS & ASSOCIATES,

Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1.      Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §

        12101, et seq. ("ADA"); Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.

        §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.

        L. No. 102-166 ("Title VII"); the Family Medical Leave Act ("FMLA"), the New York

        State Human Rights Law, New York State Executive Law § 296, et. seq. ("NYSHRL");

        and the New York City Human Rights Law, New York City Administrative Code § 8-107,

        et. seq. ("NYCHRL") and seeks damages to redress the injuries he has suffered as a result

        of being discriminated against based on his sex/gender and actual or perceived disability

        (Cancerous Tumor). Ultimately, Defendants unlawfully terminated Plaintiff on the basis of

        his sex, real or perceived disability (Cancerous Tumor), and for taking legally protected

        leave.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

1

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state and city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Eastern District of New York, or the acts complained of occurred therein. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 24, 2022; (b) receiving a Notice of Right to Sue from the EEOC on May 5, 2023; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC after consideration of the period tolled via a tolling agreement entered into by the parties; and Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action.  A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## **PARTIES**

5. That at all times relevant hereto, Plaintiff GEORGE GALANIS ("Plaintiff") is male and a resident of the State of New York.

6. That at all times relevant hereto, Defendants WEBSTER BANK ("Corporate Defendants") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

7. Defendants WEBSTER BANK operates and/or operates a location at 31-24 Ditmars Blvd, Astoria, New York 11105, where the discriminatory conduct took place.

8. That at all times relevant hereto, Defendants WEBSTER BANK N.A. ("Corporate Defendants") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

9.    Defendants WEBSTER BANK N.A. operates and/or operates a location at 31-24 Ditmars Blvd, Astoria, New York 11105, where the discriminatory conduct took place.

10.   Upon information and belief, Defendants employs at least fifteen or more employees.

11.   That at all times relevant hereto, Plaintiff was an employee of Defendants.

12.   That at all times relevant hereto, Ms. Elizabeth Young ("YOUNG") was employed as the Regional Manager for Defendants from on or about November of 2020, and had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

## MATERIAL FACTS

13.   On or about August 17, 1997, Defendants hired Plaintiff as a "Teller" at Defendants' Astoria location at 37-16 30th Avenue, Astoria, New York, 11105.

14.   From about 1997 to on or about 2001, Plaintiff was rapidly promoted by WEBSTER BANK on four (4) different occasions based on stellar performance.

15.   On or about January of 2001, Plaintiff was transferred by WEBSTER BANK as a "Branch Manager" to the Park Slope location at 110 7th Avenue, Brooklyn, New York 11215.

16.   On or about September 6, 2010, Plaintiff was transferred to WEBSTER BANK's 31-24 Ditmars Boulevard, Astoria, New York 11105 location.

17.   As a Branch Manager, Plaintiff's job duties included but were not limited to managing the day-to-day operations of Defendants' branch, including managing a staff, developing business plans and attaining sales goals, and delivering customer care.

18.   At all times relevant, Plaintiff was qualified to do his job and able to perform the duties of his employment with a reasonable accommodation.

19.   On or about July of 2021, Plaintiff was diagnosed by his doctor with a grapefruit sized mass in his throat which was potentially cancerous and that would require immediate surgery.

20. On or about late July of 2021, Plaintiff spoke with Karen Disunno ("Karen") of Human Resources and informed her of the potentially cancerous tumor and how he would be using vacation time to undergo the aforementioned surgery.

21. Plaintiff explained that he feared retaliation by YOUNG, his supervisor, for using his FMLA leave.

22. Karen instructed Plaintiff to inform YOUNG that he would be taking FMLA leave and instructed him to take as much time as he needed.

23. On or about August 17, 2021, Plaintiff underwent his surgery and took leave until on or about September 7, 2021.

24. On September 3, 2021, mere days before Plaintiff's scheduled return to the office and while Plaintiff was still recovering, YOUNG sent Plaintiff a list of items enumerating problems with Plaintiff's performance.

25. Included in this aforementioned list was Plaintiff approving an employee, Antonina Nirchi's ("Nirchi"), adjusted hours for coming in late as a childcare accommodation.

26. Upon his return on or about September 7, 2021, Plaintiff told YOUNG that his doctor put him on voice rest and that he was instructed not to speak.

27. Plaintiff was able to perform his job duties while speaking minimally.

28. In response, YOUNG looked at him in disdain and replied, "What? Are you going to learn sign language?"

29. On or about September 9, 2022, YOUNG held a meeting with Plaintiff and about thirteen (13) other employees.

30. At this aforementioned meeting, YOUNG pointed at another male employee who had started his position approximately two (2) weeks prior and screamed, "JOE! I'm sure, in YOUR house, your wife is the man in the relationship. She wears the pants in the family.

4

Don't think for ONE second, that it's not the same here. I'm the man in this relationship, NOW GO MAKE SOME MORE PHONE CALLS!"

31. YOUNG then directed her attention to Plaintiff, approached Plaintiff, rolled her eyes while looking Plaintiff up and down and exclaimed, "And YOU, you need to MAN UP around here and put some pants on."

32. Plaintiff felt targeted, humiliated, confused, and offended by this statement, which was exacerbated by his inability to verbally respond.

33. Approximately three (3) weeks later, on or around early October of 2021, YOUNG unexpectedly approached Plaintiff to inquire about the employees Plaintiff managed. Plaintiff explained that operations were running smoothly and well.

34. In response, YOUNG stated, "Well, it's about TIME you manned up around here and puts some pants on." YOUNG stated this while looking Plaintiff up and down.

35. Plaintiff felt uncomfortable and immediately walked away.

36. On November 1, 2021, YOUNG and two (2) employees from Human Resources informed Plaintiff that he was terminated after a decades-long tenure as one of Defendants' most successful employees. In truth, Plaintiff was terminated on the basis of sex, real or perceived disability (cancerous tumor), and for taking legally protected leave.

37. The above are just some of the ways Defendants discriminated against Plaintiff while employing him.

38. Plaintiff was discriminated against and harassed by Defendants, solely due to his gender, perceived disability, and for taking protected leave.

39. But for the fact that Plaintiff is a male and perceived to be disabled, Defendants would not have treated him differently.

5

40.     Plaintiff has been unlawfully discriminated against, humiliated, degraded and belittled, and as a result, suffers the loss of rights, emotional distress, loss of income, and earnings.

41.     As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42.     As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**AS A *FIRST* CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE AMERICANS WITH DISABILITIES ACT**

43.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44.     Plaintiff claims Corporate Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

45.     Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or **discharge** of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. … (b) (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

46.     Corporate Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability (Cancerous Tumor).

47.     As such, Plaintiff has been damaged as set forth herein.

6

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

48.     Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

49.     The ADA prohibits retaliation, interference, coercion, or intimidation.

50.     42 U.S.C. § 12203 provides:

a)      Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

b)      Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

51.     Corporate Defendants violated this section as set forth herein by retaliating, and otherwise discriminating against the Plaintiff because he requested and/or needed a reasonable accommodation.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

53.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the above-named Corporate Defendants. Plaintiff complains of Corporate Defendants' violation of Title VII's prohibition against discrimination in

7

employment-based, in whole or in part, upon an employee's sex/gender (male) and perceived disability.

54.     Corporate Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of his sex/gender (male).

**AS A FOURTH CAUSE OF ACTION
UNDER THE FAMILY AND MEDICAL LEAVE ACT**

55.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56.     § 2615 of the Act states as follows:

57.     Prohibited acts

    a.  Interference with rights

        i.  Exercise of rights

           1.  It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

      (2) Discrimination

           2.  It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

Defendants interfered with Plaintiffs rights under the above sections, discriminated against Plaintiff, and terminated Plaintiff from his employment when he exercised his ability to take leave under the FMLA.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

8

58. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

60. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex/gender (male) and disability.

### AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK STATE EXECUTIVE LAW

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

63. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendants.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

64. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. The New York City Administrative Code §8-107(1) provides that,

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

66.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his sex/gender (male) and disability.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68.    The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

69.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

## AS A NINTH CAUSE OF ACTION FOR FAILURE TO
## PROVIDE A REASONABLE ACCOMODATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71.    The Administrative Code of the City of New York §8-107(15)(a) provides:

10

"[A]ny person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

72. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(15)(a) by failing to provide Plaintiff with a reasonable accommodation, and by failing to engage in the cooperative dialogue.

## JURY DEMAND

73. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by to the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the Family Medical Leave Act ("FMLA"), the New York State Human Rights Law, New York State Executive Law, § 296 et. seq., and the New York City Human Rights Law, Administrative Code § 8-107 et seq., in that Defendants discriminated against Plaintiff on the basis of his sex/gender and disability;

B. Awarding Plaintiff compensatory damages for lost wages, mental and emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

11

# EXHIBIT A

Dated:  New York, New York
       August 2, 2023

                                       **PHILLIPS & ASSOCIATES,**
                                        **Attorneys at Law, PLLC**

                        By:    _____
                                  Melissa Vo, Esq.
                                  *Attorneys for Plaintiff*
                                  45 Broadway, Suite 430
                                  New York, New York 10006
                                  T: (212) 248-7431
                                  F: (212) 901 - 2107
                                  mvo@tpglaws.com

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **George Galanis**<br>**c/o Phillips & Associates 45 Broadway, Suite 430**<br>**New York, NY 10006** | From: **New York District Office**<br>**33 Whitehall St, 5th Floor**<br>**New York, NY 10004** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2023-00379** | **ARACELY FRANCOIS,**<br>**aracely.francois@eeoc.gov** | **19295065281** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Timothy Riera
05/05/2023
_____

Enclosures(s)

**Timothy Riera**
**Acting District Director**

cc:   **Eugenia Fowlkes**
**666 3RD AVE FL 29**
**New York, NY 10017**
**Michael A Jakowsky**
**666 Third Avenue 29th Floor**
**New York, NY 10017**

**Shawn Clark**
**sclark@tpglaws.com**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS     --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS     --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION     --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE     --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*